J-S16007-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JOHN ROMAGNOLO | : | |
| Appellant | : | No. 2126 EDA 2020 |

Appeal from the Order Entered September 22, 2020
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0001024-2013

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED JUNE 23, 2021**

Appellant, John Romagnolo, appeals *pro se* from the post-conviction court's order denying his "Motion for Sentence Modification *Nunc Pro Tunc*." Appellant contends that the court erred by treating his motion as a petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, and denying it as untimely.  After careful review, we affirm.

The facts of Appellant's underlying convictions are not germane to this appeal, and we need not reproduce the detailed summary of the procedural history of his case that was set forth by the PCRA court in its opinion.  ***See*** PCRA Court Opinion (PCO), 2/9/21, at 1-4.  We need only note that on June 25, 2014, Appellant pled guilty to corrupt organizations (18 Pa.C.S. § 911(b)(3)) and conspiracy to commit a crime under 35 P.S. § 780-113(a)(12)

---

[*] Former Justice specially assigned to the Superior Court.

("The acquisition or obtaining of possession of a controlled substance by misrepresentation, fraud, forgery, deception or subterfuge."). On August 1, 2016, Appellant was sentenced to consecutive terms of imprisonment that totaled 9 to 18 years' incarceration.[1] He did not file post-sentence motions or a direct appeal.

Over the ensuing four years, Appellant unsuccessfully litigated two PCRA petitions. On July 30, 2020, he filed the present, *pro se* "Motion for Sentence Modification *Nunc Pro Tunc*." Therein, Appellant claimed that his trial counsel acted ineffectively by not filing a post-sentence motion for sentencing reconsideration on the basis that Appellant's plea agreement called for concurrent sentences, yet the court had imposed consecutive terms of incarceration. On August 25, 2020, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's motion without a hearing, explaining that it constituted an untimely PCRA petition.[2] *See* Rule 907 Notice, 8/25/20,

---

[1] The delay in Appellant's sentencing was due to several continuances, and then Appellant's failing to appear for his initial sentencing hearing on April 30, 2015. A bench warrant was issued, and Appellant was taken into custody in July of 2016.

[2] The docket incorrectly states that the August 25, 2020 order dismissed Appellant's petition. A review of the document, however, demonstrates that it is a Rule 907 notice.

at 1. Appellant did not file a response.[3] On September 22, 2020, the court issued an order dismissing Appellant's petition.

Appellant filed a timely, *pro se* notice of appeal.[4] He also timely complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, he states one issue for our review: "Did the trial court commit reversible error by not reviewing … Appellant's pleading as a *nunc pro tunc* request for reconsideration and reviewing the pleading under the PCRA?" Appellant's Brief at 6.

Appellant contends that the PCRA court erred by treating his motion for reconsideration of his sentence as an untimely PCRA petition.

_____

[3] A docket entry immediately after the August 25, 2020 Rule 907 notice states, "Returned Mail — PO Marked Refused," indicating that Appellant may not have received the Rule 907 notice. However, he does not raise any issue with this error in his appellate brief. Consequently, it is waived for our review. **See Commonwealth v. Taylor**, 65 A.3d 462 (Pa. Super. 2013) (explaining that the appellant's failure to challenge the PCRA court's omission of a Rule 907 notice results in waiver of that claim on appeal). Additionally, because we conclude, for the reasons set forth *infra,* that Appellant's motion is an untimely PCRA petition that was properly denied, the fact that Appellant may not have received the Rule 907 notice is not reversible error. **Id.**

[4] Appellant's notice of appeal was due on October 22, 2020, but it was not docketed until November 2, 2020. However, Appellant dated his notice of appeal October 20, 2020. Additionally, in response to this Court's issuing a rule to show cause why his appeal should not be dismissed as untimely, Appellant provided a certificate of service and a cash slip that were both dated October 20, 2020. Accordingly, pursuant to the prisoner mailbox rule, we deem Appellant's notice of appeal as being timely filed. **See Commonwealth v. Cooper**, 710 A.2d 76, 78 (Pa. Super. 1998) (stating that the prisoner mailbox rule means "that, for prisoners proceeding *pro se*, a notice is deemed filed as of the date it is deposited in the prison mail system").

A petition for collateral relief will generally be considered a PCRA petition if it raises issues cognizable under the PCRA. *See Commonwealth v. Peterkin*, … 722 A.2d 638, 640 ([Pa.] 1998); 42 Pa.C.S.[] § 9542 (stating [the] PCRA shall be sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for same purpose). The plain language of the PCRA mandates that claims which could be brought under the PCRA, must be brought under the PCRA. *Commonwealth v. Hall*, 771 A.2d 1232, 1235 ([Pa.] 2001).

*Commonwealth v. Kerns*, 220 A.3d 607, 611 (Pa. Super. 2019).

Here, in Appellant's *pro se* petition, he alleged, *inter alia*, that his trial counsel acted ineffectively by not filing a post-sentence motion challenging the court's imposition of consecutive sentences. "[A] claim of ineffective assistance of counsel is explicitly recognized in the PCRA." *Commonwealth v. Fahy*, 737 A.2d 214, 224 (Pa. 1999) (citing 42 Pa.C.S. § 9543(a)). Thus, the court properly treated Appellant's ineffectiveness argument as a PCRA claim.

The court also correctly concluded that it lacked jurisdiction to address the merits of Appellant's untimely ineffectiveness issue. The PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the

date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, any petition attempting to invoke one of these exceptions must "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on August 31, 2016, and, therefore, he had until August 31, 2017, to file a timely petition. Appellant did not file his petition raising his ineffectiveness claim until July 30, 2020. Consequently, it is facially untimely and, for this Court to have jurisdiction to review the merits of Appellant's ineffectiveness argument, he must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b). Appellant fails to meet this burden. He did not plead the applicability of any timeliness exception in his *pro se* petition, and he makes no such argument on appeal. "It is well-settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." ***Commonwealth v.***

- 5 -

*Wharton*, 886 A.2d 1120, 1127 (Pa. 2005) (citations omitted). Accordingly, the court did not err by dismissing Appellant's untimely ineffectiveness claim. *See Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007) (stating that this Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error).

Appellant also argued in his *pro se* petition, and reiterates on appeal, that he entered a negotiated guilty plea requiring concurrent sentences, which was violated by the court's imposition of consecutive terms of incarceration. He contends that this claim falls outside the scope of the PCRA. Appellant requests that we vacate his judgment of sentence and order the specific enforcement of the concurrent-sentence requirement of his guilty plea.

Initially, we agree with Appellant that the court erred by treating his request for specific enforcement of his plea agreement as an untimely PCRA claim. This Court has held that, "generally[,] … if there is a plea bargain to enforce, review of a genuine petition for specific performance of a plea agreement remains outside the aegis of the PCRA." *Kerns*, 220 A.3d at 616.

Nevertheless, Appellant is not entitled to relief. We recognize that the Commonwealth stated that it would agree to concurrent sentences in exchange for Appellant's plea. *See* Written Plea Colloquy, 6/26/14, at 2 (unnumbered); N.T. Guilty Plea Colloquy, 6/25/14, at 9. However, Appellant acknowledged, in both his written and oral plea colloquies, that he understood that the Commonwealth's concession to concurrent terms did not bind the

court to impose them. **See** Written Plea Colloquy at 2 (unnumbered); N.T. Guilty Plea at 8-9; 10. At the oral plea colloquy, Appellant agreed that he was entering an "open" plea with no agreement for sentencing, and he answered "yes" when the court specifically asked him if he understood that he could receive **consecutive** sentences totaling an aggregate term of 35 years' incarceration. N.T. Guilty Plea at 8, 9. Thus, Appellant understood when pleading guilty that there was no requirement for the court to impose concurrent sentences. As Appellant recognizes in his brief, the trial court ultimately decided to impose consecutive terms based on the "aggravating factor" of Appellant's absconding before his sentencing hearing, which led to a bench warrant being issued for his arrest. Appellant's Brief at 16; N.T. Sentencing, 8/1/16, at 13. The court's sentencing decision did not violate Appellant's plea agreement.

Accordingly, although the court erred by treating Appellant's request for specific performance of his plea agreement as an untimely PCRA claim, we discern no error in the court's decision to deny him relief. **See Commonwealth v. Hutchins**, 760 A.2d 50, 54 (Pa. Super. 2000) ("[T]his Court may affirm the decision of the PCRA [c]ourt if it is correct on any basis.") (citing **Commonwealth v. Pursell**, 749 A.2d 911, 917 (Pa. 2000); **Commonwealth v. Ahlborn**, 683 A.2d 632, 641 n.14 (Pa. Super. 1996)).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/23/2021